UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN HANCOCK LIFE INSURANCE COMPANY (UNITED STATES OF AMERICA), et al.,

Plaintiffs,

v.

CONNIE MEI CHUAN WU,

Defendant.

Case No. 23-cv-02700-RS

**ORDER VACATING HEARING AND REQUESTING FURTHER BRIEFING**

Plaintiffs John Hancock Life Insurance Company (U.S.A.) and John Hancock Variable Life Insurance Company (collectively "John Hancock") brought this action against defendant Connie Mei Chuan Wu alleging she fraudulently claimed and received $841,881 in benefits for long term care under a rider to a life insurance policy Hancock issued to her. Wu failed to respond to the complaint, and her default has been entered by the Clerk of the Court.

Hancock now moves for entry of default judgment in the monetary amount of $841,881, "representing the money that Wu obtained under Policy No. 93 028 454 from Plaintiff John Hancock Life Insurance Company (U.S.A.) through false and fraudulent pretenses," plus costs in the amount of $611.03. Hancock also seeks declaratory relief that both the policy under which the benefits were paid, and another policy issued by Hancock to Wu (Policy No. 14 190 117), are terminated and entirely void.

The allegations of the complaint, deemed true for purposes of the motion for default judgment, show that Wu submitted claims for reimbursement of costs she purportedly incurred for

caregiver services rendered in her home by Jane Yu. The claims were fraudulent because (1) Wu's physical condition was such that she did not qualify for benefits during substantial time periods, (2) Yu is Wu's sister, and therefore any services she provided are not eligible for reimbursement under the policy, (3) Wu consistently billed Hancock for 8 hours of daily care, even though Yu only worked 20 days per month and for less than 8 hours per day, (4) Yu only cooks, cleans, and runs errands for Wu, as opposed to providing assistance with "activities of daily living" as defined in the policy, and (5) Wu retained for herself the bulk of the payments made by Hancock, paying only a portion to Yu.

Under the familiar *Eitel* factors[1] Hancock has made an adequate showing that default judgment is warranted at least in favor of John Hancock Life Insurance Company (U.S.A.), the entity that apparently made the benefit payments. The question, however, is whether it is appropriate to declare either or both of the life insurance policies are terminated and void, particularly in a default proceeding.

Hancock argues termination of both policies is warranted as a matter of equity in light of Wu's fraud. The long-term care benefits paid to Wu were provided under a rider that permits the insured to access money for his or her long-term care that otherwise would be payable only after death. It may be that given the amount Hancock has already paid out under the one policy, there are little or no death benefits remaining. Hancock has not explained, however, what its remaining obligation to pay a death benefit under that policy, or under the second policy, would be if the policies are not declared terminated and void. Furthermore, if Hancock obtains a monetary judgment, there is at least a theoretical possibility that prior to Wu's death it will recover some or all of the funds it paid out as long-term care benefits. If that were to occur, it is not self-evident there would still be a basis to withhold all death benefits payable on either or both policies. Finally, even if it is appropriate to declare one or both of the policies terminated and void at this juncture, would equity require that Wu be given a credit for the total premiums she has paid, to be

---

[1] *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

offset against her obligation to repay the $841,881?

The hearing set for September 21, 2023, is vacated. Within 14 days of the date of this order, Hancock shall provide supplemental briefing addressing these issues. The matter will then be taken under submission without oral argument.

**IT IS SO ORDERED**.

Dated: August 23, 2023

RICHARD SEEBORG
Chief United States District Judge