UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (UNITED STATES OF AMERICA), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CONNIE MEI CHUAN WU,<br><br>Defendant. | Case No.  23-cv-02700-RS<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

Plaintiffs John Hancock Life Insurance Company (U.S.A.) and John Hancock Variable Life Insurance Company (collectively "John Hancock") brought this action against defendant Connie Mei Chuan Wu alleging she fraudulently claimed and received $841,881 in benefits for long term care under a rider to a life insurance policy Hancock issued to her. Wu failed to respond to the complaint, and her default has been entered by the Clerk of the Court.

Hancock seeks entry of default judgment in the monetary amount of $841,881, "representing the money that Wu obtained under Policy No. 93 028 454 from Plaintiff John Hancock Life Insurance Company (U.S.A.) through false and fraudulent pretenses," plus costs in the amount of $611.03. Hancock also seeks declaratory relief that both the policy under which the benefits were paid, and another policy issued by Hancock to Wu (Policy No. 14 190 117), are terminated and entirely void.

The allegations of the complaint, deemed true for purposes of the motion for default judgment, show that Wu submitted claims for reimbursement of costs she purportedly incurred for

caregiver services rendered in her home by Jane Yu. The claims were fraudulent because (1) Wu's physical condition was such that she did not qualify for benefits during substantial time periods, (2) Yu is Wu's sister, and therefore any services she provided are not eligible for reimbursement under the policy, (3) Wu consistently billed Hancock for 8 hours of daily care, even though Yu only worked 20 days per month and for less than 8 hours per day, (4) Yu only cooks, cleans, and runs errands for Wu, as opposed to providing assistance with "activities of daily living" as defined in the policy, and (5) Wu retained for herself the bulk of the payments made by Hancock, paying only a portion to Yu.

Following entry of default, a district court's decision as whether to enter a default judgment is discretionary. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the court may consider: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the complaint are taken as true, except for those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)

The *Eitel* factors support default judgment in this case. First, Hancock would be prejudiced by the denial of the motion as it could not recover the benefits it paid under false pretenses. The second and third *Eitel* factors also favor Hancock, as the claim is adequately pleaded and no reason to doubt its merit is apparent. The fourth *Eitel* factor "pertains to the amount of money at stake in relation to the seriousness of [d]efendant's conduct." *Brightpoint Distribution, LLC v. AliphCom*, 2017 WL 7310780, at *4 (N.D. Cal. Dec. 4, 2017) (internal quotation marks omitted). While the recovery Hancock seeks is substantial, it represents the sums Wu fraudulently obtained, and is neither speculative nor otherwise subject to criticism as excessive.

The fifth factor weighs in Hancock's favor as there is little reason to assume the central

material facts would be in significant dispute. Finally, while Wu's reasons for not participating in the litigation are unknown, there is no indication of "excusable neglect." Under these circumstances, and on this record, the preference for a resolution on the merits must yield to Hancock's right to a determination of the claims. *See Eitel*, 782 F.2d at 1472.

Hancock has made an adequate showing through admissible evidence that it paid out $841,881 to Wu in benefits to which she was not legally entitled, and that it has incurred costs in the amount of $611.03. Judgment will enter for those amounts. In supplemental briefing, Hancock has also established the propriety of declaring the two life insurance policies it issued to Wu terminated and void.

**IT IS SO ORDERED**.

Dated: September 19, 2023

_____
RICHARD SEEBORG
Chief United States District Judge