UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CONNIE MEI CHUAN WU,<br><br>        Defendant. | Case No. 23-cv-02700-RS  (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 36, 37 |

We are here on two motions to compel. ECF Nos. 36, 37. The January 23, 2025 hearing is **VACATED**, and the Court rules as follows.

**A.     ECF No. 36**

Plaintiffs move to compel responses to their judgment debtor discovery, specifically, 25 interrogatories and one request for production, directed at Defendant Connie Mei Chuan Wu. The evidence shows that these discovery requests were properly served on Defendant, she never responded, the motion to compel was also properly served on her, and she did not respond to that either. The discovery requests all seek relevant judgment debtor discovery. Accordingly, Plaintiffs' motion to compel is **GRANTED** and the Court **ORDERS** Defendant to provide full and complete responses to these discovery requests within 10 days.

In their motion to compel, Plaintiffs also seek sanctions under Rule 37. The Court agrees sanctions are warranted here. Plaintiffs seek $2,363.00 in sanctions, but that seems to include two hours that counsel anticipated spending to prepare for and attend the hearing that the Court has vacated. ECF No. 36-1 ¶¶ 8-9. The Court accordingly subtracts those hours and **SANCTIONS** Defendant $1,626.00. Defendant shall pay this sanction within 10 days in the form of a check made payable to John Hancock Life Insurance Company (U.S.A.).

**B.     ECF No. 37**

Plaintiffs also move to compel responses to their judgment debtor discovery against non-party Martin A. Neely, as successor Trustee of The Martin A. Neely and Connie Wu 1998 Family Trust, specifically, a subpoena containing seven document requests.  The evidence shows Neely was served with the subpoena, did not serve written objections, did not move to quash or seek a protective order, did not comply with the subpoena, was served with the present motion to compel, and did not file a response.  The document requests look like relevant judgment debtor discovery.  Accordingly, the Court **GRANTS** Plaintiffs' motion to compel and **ORDERS** Neely to produce the requested documents within 30 days.

Plaintiffs' motion also seeks an order to show cause why Neely should not be held in contempt, and if he is held in contempt, they seek an award of their attorneys' fees.  However, a contempt proceeding has to proceed in accordance with 28 U.S.C. § 636(e)(6).  First we need to see if Neely complies with the order to produce documents, and if he does not, then the undersigned can determine whether a certification of facts and an order to show cause are warranted.  Accordingly, the Court **ORDERS** Plaintiffs to file a declaration stating whether Neely complies with this order to produce documents.  The declaration shall also contain an update to paragraph 10 of the Murray declaration (ECF No. 37-1).

**C.     Certificate of Service**

As Defendant and Neely have not entered an appearance in this action, the Court **ORDERS** Plaintiffs to serve this order on them and to file a proof of service showing that they have done so.

**IT IS SO ORDERED.**

Dated: January 22, 2025

THOMAS S. HIXSON
United States Magistrate Judge