UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (UNITED STATES OF AMERICA), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CONNIE MEI CHUAN WU,<br><br>Defendant. | Case No. 23-cv-02700-RS (TSH)<br><br>**CERTFICATION OF FACTS AND ORDER TO SHOW CAUSE RE SANCTIONS**<br><br>Re: Dkt. No. 44 |

## I. INTRODUCTION

Pending before the undersigned is Plaintiffs' motion for an order of contempt against non-party Martin Neely for failure to comply with the undersigned's Order, as well as a request for sanctions. ECF No. 44 (Motion); *see* ECF Nos. 41 at 2 (January 22, 2025 Order). Neely has not filed an opposition. For the reasons stated below, the undersigned **GRANTS** the motion and **ORDERS** Neely to show cause why he should not be held in contempt for his failure to comply with the undersigned's January 22, 2025 order.

## I. BACKGROUND

On September 19, 2023, the Court granted default judgment in favor of Plaintiffs John Hancock Life Insurance Company (U.S.A.) and John Hancock Variable Life Insurance Company against Defendant Connie Mei Chuan Wu. ECF Nos. 23, 24. Plaintiffs contend Wu's husband

and Trustee of their Family Trust, non-party Martin Neely, has relevant information regarding potential assets against which Plaintiffs can enforce their judgment against Wu. Mot. at 3. On November 8, 2024, Plaintiffs issued a subpoena containing seven document requests against Neely as successor Trustee of The Martin A. Neely and Connie Wu 1998 Family Trust. Decl. of Misty A. Murray in Support of Mot. ("Murray Decl.") ¶¶ 5(a), 5(b), ECF No. 44-1.[1] Neely was properly served with the subpoena on November 8, 2024. Murray Decl. ¶ 5(b) & Ex. A to Murray Decl. (ECF No. 44-1 at 11). Neely was required to comply with the subpoena by November 25, 2024. Murray Decl. ¶ 6 & Ex. A to Murray Decl. (ECF No. 44-1 at 6). Neely did not comply with or respond to the subpoena by that date. Murray Decl. ¶ 6.

On December 20, 2024, Plaintiffs moved to compel responses to their judgment debtor discovery. ECF No. 37. The evidence showed Neely was served with the subpoena, did not serve written objections, did not move to quash or seek a protective order, did not comply with the subpoena, was served with the motion to compel, and did not file a response. ECF No. 41 at 2. On January 22, 2025, the undersigned granted Plaintiffs' motion to compel and ordered Neely to produce the requested documents within 30 days. ECF No. 41 at 2. Neely was served with the undersigned's January 22, 2025 Order on January 28, 2025. ECF No. 42.

On April 4, 2025, Plaintiffs filed the instant motion, asking that the undersigned issue an order re contempt and for an award of sanctions in the amount Plaintiffs' attorneys' fees and costs incurred in compelling Neely's compliance. Mot. at 3. Neely was served with the instant motion on April 4, 2024. ECF No. 44-1 at 30–31. Neely has not filed a response.

## II.   LEGAL STANDARD

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990) (citation and quotation marks omitted). Civil contempt is intended "to coerce the defendant into compliance with the court's order" or "to compensate the complainant for losses sustained" from the noncompliance. *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (quoting *United States v.*

---

[1] The Murray declaration contains two paragraphs numbered as "5." For clarity, the Court refers to the first "paragraph 5" as "5(a)" and to the second as "5(b)."

1  *United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)). "A court has wide latitude in

2  deciding whether there has been contemptuous defiance of its order." *Gifford v. Heckler*, 741 F.2d

3  263, 266 (9th Cir. 1984).

## III.   DISCUSSION

### A.   Civil Contempt

Plaintiffs ask the undersigned to find Neely in contempt for his failure to comply with the subpoena and Court's January 22, 2025 Order. Motion at 3. To establish civil contempt, the moving party must show by clear and convincing evidence that the alleged contemnors violated a specific and definite order of the court. *See FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). "The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id.* (quoting *Stone v. City and County of San Francisco,* 968 F.2d 850, 856 n.9 (9th Cir. 1992)). In the Ninth Circuit, the central question regarding contempt is whether the alleged contemnor performed "all reasonable steps within [its] power to ensure compliance" with the court's orders. *Stone*, 968 F.2d at 856. A showing of willfulness is not necessary to establish civil contempt, *see Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). However, if an alleged contemnor's actions were taken in good faith and based on a reasonable interpretation of the court's order, they should not be held in contempt. *See id.*

#### 1.   Magistrate Judge Authority

Absent consent by the parties, the authority of magistrate judges over civil contempt proceedings is limited. *See* 28 U.S.C. § 636(e); *Bingman v. Ward*, 100 F.3d 653, 656–57 (9th Cir. 1996). A magistrate judge may investigate whether further contempt proceedings are warranted and, if the magistrate judge so finds, certify such facts to a district judge. 28 U.S.C. § 636(e)(6); *see also Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008). Specifically, upon finding an act constituting a civil contempt:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to

3

the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).  Under this process, the magistrate judge functions to certify the facts and not to issue an order of contempt.  *Bingman*, 100 F.3d at 656-57.

### 2. Certification of Facts

The undersigned finds Neely did not take any reasonable steps within his power to comply with the undersigned's January 22, 2025 Order.  Neely was properly served with Plaintiffs' subpoena on November 8, 2024.  Murray Decl. ¶ 5(b) & Ex. A to Murray Decl.  Neely was required to comply with the subpoena by November 25, 2024.  Murray Decl. ¶ 6 & Ex. A to Murray Decl. (ECF No. 44-1 at 6).  Neely did not comply with or respond to the subpoena by that date.  Murray Decl. ¶ 6.  Plaintiffs' counsel made attempts to meet and confer with Neely, which were unsuccessful.  Murray Decl. re Noncompliance with Discovery Order ¶ 7, ECF No. 43 ("Feb. 2025 Murray Decl.").

On January 22, 2025, the undersigned granted Plaintiffs' motion to compel responses to their judgment debtor discovery against Neely and ordered Neely to produce the requested documents within 30 days.  ECF No. 41 at 2.  Neely was served with the January 22, 2025 Order on January 28.  ECF No. 42.  Neely did not comply with the order.  Murray Decl. ¶ 10; Feb. 2025 Murray Decl. ¶ 9.  As such, the undersigned finds non-party Martin Neely has committed an act of civil contempt and therefore **ORDERS** Neely to appear before Judge Seeborg on May 29, 2025 at 1:30 p.m. to show cause why Neely should not be adjudged in contempt by reason of these facts.

### 3. Recommended Sanction

Counsel for Plaintiffs, Misty A. Murray, offers a declaration detailing the attorneys' fees Plaintiffs incurred in bringing the motion to compel and instant motion for contempt and sanctions.  Murray Decl., ECF No. 44-1.  Murray requests a total of $3,404.00.  Murray Decl. ¶ 11.

Murray's 2024 billing rate is $368.50 per hour and her 2025 billing rate is $386.00 per hour.  Murray Decl. ¶ 11.  Murray avers that she spent 4 hours drafting the Motion to Compel, her declaration, notice and proposed order, which were filed in December 2024.  *Id.*  Murray spent 30 minutes preparing her February 26, 2025 declaration.  *Id.*  Finally, Murray spent 2.5 hours drafting

4

the instant Motion for Contempt, supporting declaration and proposed order. *Id.* The total attorneys' fees incurred through the filing of Plaintiffs' motion for contempt thus total $2,632.00. *Id.* Murray further anticipates she will spend at least 2 hours attending any hearing on the Motion and preparing any further papers, bringing her total fees requested to $3,404.00. *Id.*

The undersigned finds Ms. Murray's hourly rates and hours billed are reasonable. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) ("judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees."). However, some of the claimed fees are not related to the contempt of the Court's order. The fees incurred in drafting the motion to compel predate the Court's order. The fees related to the February declaration do relate to the contempt, as do the fees in connection with the motion for contempt. The Court took this matter under submission without oral argument, so Murray did not spend any time attending the vacated May 8 hearing, and an estimate that Murray will spend at least two hours attending the hearing before Judge Seeborg and preparing any further papers seems speculative. Accordingly, the undersigned thinks the appropriate contempt sanction is the three hours devoted to the February declaration and the present motion for contempt. Those hours were all at Murray's 2025 billing rate, so total to $1,158.00.

Accordingly, in the event Judge Seeborg adjudges Neely to be in contempt, the undersigned recommends that Neely be sanctioned in the amount of $1,158.00 in attorney's fees, payable to Plaintiffs and their counsel.

### IV. CONCLUSION

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned certifies the facts above and finds non-party Martin Neely has committed an act constituting civil contempt. Accordingly, the undersigned **ORDERS** Neely to appear before Judge Seeborg on May 29, 2025 at 1:30 p.m. at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 3 on the 17th floor to **SHOW CAUSE** why Neely should not be held in contempt for his failure to comply with the Court's January 22, 2025 Discovery Order. In the event Neely is adjudged in contempt, the Court **RECOMMENDS** Neely be **SANCTIONED** in the amount of $1,158.00 in attorney's fees, payable to Plaintiffs and their counsel. The Court **ORDERS** Plaintiffs to serve this order on

Neely and to file a proof of service showing that they have done so.

**IT IS SO ORDERED.**

Dated: May 8, 2025

THOMAS S. HIXSON
United States Magistrate Judge