UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN HANCOCK LIFE INSURANCE COMPANY (UNITED STATES OF AMERICA), et al.,

Plaintiffs,

v.

CONNIE MEI CHUAN WU,

Defendant.

Case No. 23-cv-02700-RS

**ORDER FINDING CONTEMPT AND IMPOSING MONETARY SANCTIONS**

Plaintiffs John Hancock Life Insurance Company (U.S.A.) and John Hancock Variable Life Insurance Company (collectively "John Hancock") brought this action against defendant Connie Mei Chuan Wu alleging she fraudulently claimed and received nearly $842,000 in benefits for long term care under a rider to a life insurance policy Hancock issued to her. When Wu failed to respond to the complaint, her default was entered by the Clerk of the Court. John Hancock's motion for default judgment was subsequently granted in the amount of $841,881, plus costs of $611.03.

Seeking to collect on the judgment, John Hancock served a subpoena containing seven document requests on Wu's husband, Martin Neely, in his capacity as successor Trustee of The Martin A. Neely and Connie Wu 1998 Family Trust. Neely failed to respond to the subpoena. John Hancock then obtained an order from Magistrate Judge Hixson compelling Neely to comply with the subpoena. Neely did not comply with the order.

John Hancock then moved for an order finding Neely in contempt, and awarding it $3,404

in attorney fees. Lacking statutory to grant the requested relief, Judge Hixson instead certified the facts pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), and issued an order for Neely to appear before the undersigned and show cause why he should not be adjudged in contempt. Judge Hixson found the billing rates charged by John Hancock's counsel to be reasonable, but recommended an award of only $1,158, because not all of the time claimed related to the contempt proceedings and because the matter was submitted without argument, obviating the need for counsel to incur time attending the hearing. Judge Hixson also found the estimate that counsel would incur an additional two hours preparing additional papers and appearing at this OSC hearing to be speculative. Because counsel in fact was required to appear at this hearing, one hour of time will be restored to the fee claim, for a new total of $1544.

Neely failed to appear at the hearing on the order to show cause, and has filed no responsive papers. The facts regarding his failure to respond to the subpoena and the order to comply with the subpoena, as certified by Judge Hixson, are adopted and support a finding of contempt. Given Neely's ongoing disregard of his obligations, particularly as summarized in counsel's declaration at Dkt. No. 44-1, the evidence further supports the conclusion that Neely acted willfully. Neely is ordered forthwith to pay to John Hancock the sum of $1544.

**IT IS SO ORDERED**.

Dated: June 4, 2025

_____
RICHARD SEEBORG
Chief United States District Judge