UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (UNITED STATES OF AMERICA), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CONNIE MEI CHUAN WU,<br><br>Defendant. | Case No. 23-cv-02700-RS<br><br>**ORDER IMPOSING FURTHER SANCTIONS** |

Plaintiffs have filed a motion seeking a "Writ of Body Attachment"—a bench warrant—to cause the arrest of third-party Martin A. Neely, in aid of their efforts to collect on the judgment they obtained in this action against defendant Connie Wu. Plaintiffs assert there is particular urgency because one of the properties held by The Martin A. Neely and Connie Wu 1998 Family Trust is currently in foreclosure proceedings. The deadline to submit opposition to the motion has expired and none has been filed. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for September 11, 2025, is vacated.

Plaintiffs were twice requested to submit further briefing on the question of the degree to which a foreclosure would impair their interests in collecting on the judgment. In both responses plaintiffs stressed the point—never in question—that the property is not held in the name of the judgment debtor, defendant Connie Wu, but in the name of The Martin A. Neely and Connie Wu 1998 Family Trust. The second response repeated citations to a factually inapplicable California Probate Code section and secondary source commentary relevant to creditors' claims against

deceased trust settlors, despite the observation in the prior order that those citations were inapt.

Plaintiffs' second response also cites *Robin v. Crowell*, 55 Cal. App. 5th 727 (2020) for the proposition that "[b]ecause this is a non-judicial sale, any purchaser will receive title "free and clear of any right, title or interest of the trustor or junior lienholders." As *Robin* makes clear, however, in a non-judicial foreclosure, "[i]f the proceeds of the sale exceed the amount necessary to pay the costs of the sale and satisfy the senior deed of trust, the excess is used to satisfy any obligations secured by junior liens." *Id.* at 743, citing Cal. Civ. Code, § 2924k.[1] Plaintiffs also report they are in communication with the lender pursuing foreclosure. Accordingly, it is unclear what risk there is, if any, that plaintiffs' judgment lien will not be paid (or paid down) following any foreclosure, to the extent there are any excess sale proceeds. Although plaintiffs may need additional information to establish with the requisite certainty that Connie Wu has an interest in the property subject to execution, they have not shown a foreclosure sale necessarily will impair their rights.

All that said, it remains the case that (a) plaintiffs are entitled to the discovery they seek from Neely, and (b) Neely's failure to comply with prior court orders is inexcusable. Accordingly, for good cause it is ordered that:

1) Neely is hereby sanctioned for his ongoing contempt of court in the amount of $2000, in addition to the $1544 in sanctions imposed previously.

2) Sanctions in the amount of $500 per day will accrue beginning September 2, 2025, and continuing each day until Neely has complied fully with his obligation to respond to the requests for production of documents as specified in the order of the magistrate judge filed January 22, 2025, Dkt. No. 41.

---

[1] If the value of the property does *not* exceed the senior obligations and the costs of foreclosure, then plaintiffs would indeed be in the position of a "sold-out junior," whose lien "has been entirely destroyed." *See Bank of Am. v. Graves*, 51 Cal. App. 4th 607 (1996). In that case, however, plaintiffs will not have been prejudiced, as the property in foreclosure did not represent an asset against which they could have collected, regardless of what interest in the property the judgment debtor held.

3) In the event Neely fully complies with his obligation to produce documents no later than noon on September 8, 2025, the orders of contempt will be discharged and his obligation to pay the sanctions imposed by this order and any prior orders of the undersigned or the magistrate judge will be excused.

4) Neely is advised that failure to respond to or comply with this order will subject him to potential arrest and imprisonment for contempt of court, as well as continuing liability for the monetary sanctions imposed.

5) Plaintiffs are ordered to cause this order to be served personally on Neely forthwith, and to file proof of service promptly thereafter.

**IT IS SO ORDERED**.

Dated: August 26, 2025

RICHARD SEEBORG
Chief United States District Judge